Mr. Justice Shepard
delivered the opinion of the Court:
This is an appeal from a decree dismissing a bill to vacate a judgment of a justice of the peace awarding possession in a proceeding by a landlord against a defaulting tenant; to declare the possession of the landlord as in trust for the tenant, with an accounting for profits; and to recover the value of improvements upon the termination of the lease.
It appears that on April 1, 1896, the defendant, Kate Moriarty, leased to Edward M. and Clarence C. Hollidge, and Charles R. Talks a certain lot in Brookland, for the term of five years. The lessees bound themselves to pay rent at the rate of $10 per month, payable on the first day of each month. They agreed also to pay water rent, gas bills, etc. It was provided that in case of default in payment of the rent, or upon breach of any covenant, “the lease shall cease and determine and shall operate as a notice to quit, the thirty days’ notice to quit being hereby expressly waived.” It was further provided that the lessor might proceed to recover possession under the seven days’ summons provided in sections 684 and 685, Revised Statutes of the District of Columbia.
A privilege of renewal of the lease for another term of five years at a rental of $15 per month was also provided for. The lessees further covenanted, upon the expiration of the term, to “remove any and all buildings erected thereon, and surrender peaceable possession of the said premises, &c., as in its former condition.”
The complainant, Edward M. Hollidge, acquired the *522 interests of his co-tenants by assignment in November, 1896. The lessees erected some valuable improvements on the lot and carried on a grocery and feed business for a time.
The testimony is very indefinite, but it would seem that the business had proved a failure and that the tenant had vacated the premises some time before September 15, 1898. The bill confesses that upon September 15,1898, the tenant owed three months’ rent. On that day the lessor filed two complaints under the landlord and tenant act, one before Justice of the Peace Hewlett, and one before Justice of the Peace Mills. A summons was issued by Hewlett, returnable before Mills on September 23, which was afterwards altered so as to read 24. It seems that this change in the summons was unknown to Justice Mills, and, the lessor appearing on September 23, and the lessee failing to appear, he rendered judgment for the possession with costs of suit. The lessee appeared on the 24th and was informed of the proceedings of the previous day. He did not state that he had any defense. Justice of the Peace Mills, who was called as a witness, said that he told Hollidge the judgment was due to a mistake, and that if he had a defense he would hear him. Hollidge stated that he had no defense, whereupon the justice entered judgment on his minutes as of September 24. No attempt was made to appeal. The constable put Mrs. Moriarty in possession of the premises, which were vacant at the time.
She made some additional improvements and shortly afterwards procured other tenants. This bill was not filed until July 29, 1899.
In it the complainant confesses his failure to pay rent for three months before the entry of proceedings against him, and offers no excuse whatever for his default. He has tendered no payment since.' Assuming that his lease has not been forfeited, and that the lessor has since her re-entry received rents in excess of his undertaking, he asks that she be made to account for the surplus; and then upon the *523 termination of the five years’ time he prays recovery of the value of his improvements, which he charges to be about $700.
There was no error in dismissing' the bill. The judgment of the justice of the peace was for the possession of the leased premises; there was no money recovery, and there is no depending or apprehended process thereon affecting the rights of the complainant which he has asked to have restrained. Whether that judgment is without legal force or effect by reason of the extraordinary proceedings on which it is based, need not be determined. The concession of its nullity does not establish the complainant’s case.
The lease, as we have seen, expressly provides that upon failure to pay a monthly instalment of rent in advance, the lease, without demand, “shall cease and determine, and shall operate as a notice to quit, the thirty days’ notice to quit being hereby expressly waived.”
The bill admits that the complainant had failed to pay three monthly instalments before the commencement of the proceedings against him in the justice’s court.
The lease had thereby ceased and determined; the lessor was entitled to the possession of her property. The legal proceeding instituted was entirely unnecessary. There being no actual impediment to her peaceful re-entry, neither judicial déclaration of the termination of the lease, nor official induction into possession was required.
Being lawfully in possession, without regard to the judgment or process hhereon, there is no fact alleged in the bill that would justify the disturbance of that possession, or a decree declaring it as in trust for the complainant. The remaining ground of the bill is the claim for recovery of the value of the improvements alleged to-have been made upon the premises under the conditions of the lease. If such right exists under the circumstances set forth, the remedy at law for its infraction is adequate and complete. *524 The judgment, whether valid or invalid, is no bar to an action at law; consequently there is no occasion to resort to equity for its vacation.
The decree will be affirmed with costs, but without prejudice to the complainant’s right to proceed at law if so advised. It is so ordered. Affirmed.